SCULLY et al. v. CORN PRODUCTS REFINING CO.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,958.

SALES (§ 75*)—PERFORMANCE—CONDITION.

Where defendant contracted to pay plaintiffs a rebate on purchases of glucose and grape sugar from defendant during the year 1908, provided plaintiffs would buy their requirements of such products exclusively from defendant, and the proof showed that plaintiffs purchased from another corporation in which they were interested a large quantity of glucose to which a small percentage of cane sugar had been added, there was no sufficient compliance with the condition, so as to entitle plaintiffs to recover the rebate.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 204; Dec. Dig. § 75.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; Geo. A. Carpenter, Judge.

Action by Daniel B. Scully and another, doing business as the D. B. Scully Syrup Company, against the Corn Products Refining Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Plaintiffs in error instituted an action at law against the defendant in error to recover damages for breach of contract. The declaration consists of four counts and what are designated as consolidated common counts. The cause of action submitted to the court for trial is fully set forth in the first count, and the remaining counts do not vary materially from it.

The first count of the declaration alleges: That in the year 1906, the defendant Refining Company being engaged in the manufacture and sale of glucose, grape sugar, and other kindred products, and the plaintiffs during all of said time being engaged in the business "of buying and selling for profit large quantities of glucose, syrups, and molasses, and other kindred products," and the defendant desiring that the plaintiffs should purchase "exclusively of the defendant all the glucose and grape sugar required by the plaintiffs in the conduct of their business," on December 7, 1906, it made to the plaintiffs the following proposition in writing:

"Chicago, Dec. 7, 1906.

"Gentlemen: This company, recognizing the fact that its own prosperity in a great measure is interwoven with the good will and co-operation of its patrons, has decided to adopt a liberal plan of profit-sharing with you, in case you shall in the future continue to give us your exclusive patronage. This company inaugurates such a policy of profit-sharing, by announcing that it will set aside, out of profits from the manufacture and sale of glucose and grape sugar for the last six months of 1906, an amount equal to ten cents per hundred pounds on all shipments of glucose and grape sugar (Warner's anhydro and bread sugar excepted) which shall have been made by this company from July 1 to December 31, 1906. This amount will be paid to you or your successors on December 31, 1907, on condition that, for the remainder of the year 1906 and the entire year of 1907, you or your successors shall have purchased exclusively from this company or its successors all the glucose and grape sugar required for use in your establishment. With the assurance of the steadfast co-operation of its customers, given in reciprocation for the benefits conferred upon them, this company confidently anticipates a continuance of such profit-sharing distribution annually to the full extent that its earnings may warrant.

"Yours very truly,            Corn Products Refining Co."

That the plaintiffs thereupon accepted said proposition in writing, and during the remainder of the year 1906 and the entire year of 1907 "purchased from the defendant all the glucose and grape sugar required for use in their establishment or business," and that during the year 1907 the amount of the defendant to the plaintiffs from July 1 to December 31, 1906, and thereupon, on December 31, 1907, defendant paid to the plaintiffs a sum equal to 10 cents per hundred pounds on all such shipments which were made by the defendant to the plaintiffs from July 1 to December 31, 1906, and thereupon the defendant, knowing of the large amount of glucose purchased of it by the plaintiffs during the year 1907, and desiring that the plaintiffs during the year 1908 make their purchases of glucose and grape sugar "exclusively from defendant," on December 24, 1907, made the following offer to said plaintiffs:

"Chicago, Dec. 24, 1907

"D. B. Scully Syrup Co., Chicago, Ill.

"Profit-Sharing on 1907 Shipments.

"Gentlemen: The plan of profit-sharing adopted by this company in November, 1906, having met with the hearty approval of our customers, we take pleasure in announcing its continuance for the year 1907. The amount to be allowed you will be based upon the shipments of glucose and grape sugar

(No. 70, Climax, and Chicago anhydrous sugar) which shall have been made ·to you by this company during the year 1907, and will be paid by us (as soon after December 31, 1908, as statements of shipments can be checked up) on condition that you or your successors shall have purchased exclusively from this company, or its successors, all the glucose and grape sugar required by you in the conduct of your business during the year 1908, and that all of our invoices covering said shipments are paid in full by you. The sum (—— cents per 100 lbs.) thus to be allowed will be announced to you as soon after January 1st next as the business for the year 1907 has been closed and the profits ascertained. Wishing you the compliments of the season, we are

"Yours very truly,          Corn Products Manufacturing Company."

That thereafter, pursuant to the proposition above set forth, the defendant, on January 23, 1908, made the following written proposition to said plaintiffs:

"D. B. Scully Syrup Co., Chicago, Ill.

"Important Notice on Profit-Sharing.

"Gentlemen: Referring to our profit-sharing plan as outlined in the announcement made to you under date of December 24th, 1907, reading as follows: [Quoting the written offer of December 24, 1907.] We now take pleasure in stating that the amount to be paid by us to you will be represented by fifteen (15) cents per 100 pounds on the above-named products, on condition that you or your successors have purchased your exclusive supply from our company, as outlined above. * * *

"Yours very truly,          Corn Products Manufacturing Company,
                                         "George W. Lamb."

That upon said latter date plaintiffs accepted said proposition for the consideration therein expressed, and purchased exclusively from the defendant during the year 1908 all the glucose and grape sugar required by them in the conduct of their business during the year 1908, and paid the invoices covering said shipments in full, and having fully complied with the terms of said written proposition, defendant became and is indebted to plaintiffs in a sum equal to 15 cents for each 100 pounds of glucose and grape sugar purchased and received by the plaintiffs from the defendant during the year 1907.

The defendant pleaded the general issue. A stipulation was filed waiving a jury, and the cause was submitted to the court for trial. The court upon request made a special finding of facts and entered judgment thereon in favor of the defendant. It is not necessary to set out the findings in full. The court found the facts substantially as alleged in the first count of the declaration, except as to performance by plaintiffs of the conditions imposed upon them by the contract. Upon this issue of plaintiffs' performance the court found:

(4) That in the year 1908 said plaintiffs purchased from said defendant 3,239,975 pounds of glucose and 32,480 pounds of sugar, of which amount 2,773,261 pounds of glucose and 15,920 pounds of sugar were purchased in the months of January, February, and March of the year 1908, and that the amount of money paid for such glucose was $69,000.

(5) That beginning on March 12, 1908, and up to December 31, 1908, said plaintiffs purchased from the American Maize Products Company, a corporation in which they were interested in excess of $200,000 as stockholders, 5,691,240 pounds of a product, 95 per cent. of which was glucose and 5 per cent. of which was cane syrup; that said purchases were made under the name of "syrup"; that in the years 1906, 1907, and up to March 12, 1908, plaintiffs had at all times in the conduct of their business themselves added at least 5 per cent. of cane syrup to glucose in making syrup for their customers, which was over 90 per cent. of their entire business; and that in the year 1908 their business was conducted in the same way as in the years 1906 and 1907, with the exception of their purchases from the American Maize Products Company on and after March 12, 1908, of glucose with 5 per cent. cane syrup added.

(7) That the commodity so purchased from the American Maize Products Company by plaintiff from March 12 to December 31, 1908, was delivered to the establishment of plaintiffs in tank cars, and by plaintiffs pumped into holding vats, and from holding vats pumped into mixing vats. That the same method had been used by plaintiffs in 1906, 1907, and up to March 12, 1908, in handling the glucose purchased by plaintiffs from defendant.

(8) That at all times during the year 1908 said plaintiffs were largely interested in said American Maize Products Company, which corporation started to do business in the month of March, 1908, and operated the plant for the manufacture of glucose, grape sugar, and other kindred products, and that said plaintiff D. B. Scully was the vice president and general manager thereof, and that said plaintiff caused said product so purchased from said American Maize Products Company to be shipped to plaintiffs' establishment under shipping instructions reading as follows: "One tank corn syrup with cane flavor, without water, 95% glucose, 5% cane syrup. Bill as syrup."

(9) That said plaintiffs were instrumental in the formation of said American Maize Products Company, and interested other persons in becoming stockholders thereof, and advised such persons prior to becoming stockholders thereof in 1906 that said plaintiffs would give to said American Maize Products Company the business of said plaintiffs, and all business controlled by them, and after the making of the written offers of December 7, 1906, and December 24, 1907, by said defendant, said plaintiffs assured those interested in said American Maize Products Company as stockholders that the acceptance by said plaintiffs of the terms of said profit-sharing offers made by defendant and their acting thereunder would not affect said plaintiffs, and would have nothing to do whatsoever with said plaintiffs giving to said American Maize Products Company the entire business of said plaintiffs.

(12) The court finds that, before plaintiffs can recover in this action, they must prove by a preponderance or greater weight of the evidence that during the year 1908 they purchased exclusively from the defendant all the glucose and grape sugar required by said plaintiffs in the conduct of their business, and the court further finds from the evidence that said plaintiffs did not during the year 1908 make all of their said purchases of glucose and grape sugar required in the conduct of their business exclusively from said defendant.

(13) On and after January 2, 1909, said plaintiffs conducted their business, including the method of making purchases of glucose, in the way they had conducted their business and made their purchases in the years 1906, 1907, and 1908 up to March 12, 1908, and that on and after January 2, 1909, said plaintiffs purchased from the American Maize Products Company glucose without any cane syrup added, and plaintiffs on and after January 2, 1909, mixed 5 per cent. or a greater per cent. of cane syrup with said glucose so purchased from said American Maize Products Company in plaintiffs' establishment as they had always done in the years 1906, 1907, and in the year 1908 up to March 12, 1908.

(14) That a very small per cent. of plaintiffs' business in the year 1908 was the sale of the product which consisted of 95 per cent. glucose with 5 per cent. cane syrup added; that the greater part of their business was the sale of glucose with a greater per cent. than 5 per cent. of cane syrup added. That on and after March 12, 1908, said additional per cent. of cane syrup above 5 per cent. was added in the establishment of said plaintiffs after said product of 95 per cent. glucose and 5 per cent. cane syrup had been purchased from the American Maize Products Company and had been pumped from the tank cars in which it was received by plaintiffs into the mixing vats in plaintiffs' establishment.

(15) That the plaintiffs changed their method of purchasing glucose during the year 1908, after said American Maize Products Company began the manufacture and delivery of glucose and other products, and caused said American Maize Products Company to make and deliver to them the product known as 95 per cent. of glucose and 5 per cent. cane syrup added for the purpose of enabling said plaintiffs to avoid the obligations imposed upon them under said profit-sharing plan of December 24, 1907 and January 23, 1908,

and that such method of purchase from said American Maize Products Company during the year 1908, and after the 12th day of March of said year, was not adopted by plaintiffs in good faith, and was a subterfuge to enable them to recover the moneys herein sued for while diverting the largest part of their business from the defendant to the American Maize Products Company, in which latter company they were largely interested as stockholders or otherwise.

(16) That Daniel B. Scully, one of the plaintiffs herein, was in the year 1908 the vice president and general manager of the American Maize Products Company, and as such vice president and general manager received a salary from said company.

Upon these findings the court entered judgment for the defendant.

Jacob E. Dittus and Wm. E. O'Neill, both of Chicago, Ill., for plaintiffs in error.

Alfred S. Austrian and Levy Mayer, both of Chicago, Ill., for defendant in error.

Before BAKER and KOHLSAAT, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge (after stating the facts as above). Plaintiffs have assigned numerous errors, but no assignment raising any question of fact is pressed here. Indeed, counsel for plaintiffs in their brief say:

"There is no real conflict in the evidence. The material facts are all conceded, and the question here is one of law."

Not only is the evidence sufficient to sustain the findings of the trial court; it conclusively establishes them. Neither is there any available question of law raised upon this record. One of the material averments of the declaration is that plaintiffs "purchased exclusively from the defendant all the glucose and grape sugar required by them in the conduct of their business during the year 1908," and "fully complied with the terms of said written proposition." The court found that plaintiffs did not comply with the terms of the contract, and that what they claimed to be compliance was a mere subterfuge. The court, having properly found that plaintiffs had failed to perform the contract on their part, was bound to follow that finding with a judgment for defendant.

There is no error in the record, and the judgment is affirmed.